W. S. KERR, *Appellant*, v. HORACE COBERLY, *Appellee.*

No. 16,216.

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Costs.* An action was commenced before a justice of the peace in which the plaintiff claimed judgment upon each of two separate and distinct causes of action, growing out of two separate and distinct transactions, one for $30 and the other for $195. The action was commenced August 2, 1907; the claims were each due August 1, -1907. When the case was set for trial, August 9, 1907, the defendant by answer admitted liability for the $30 and paid the money into court, which the plaintiff did not accept. The defendant pleaded payment as to the other item, and a trial was had thereon, in which the defendant was defeated. An appeal was taken to the district court, where a trial was had upon the same item only, and the plaintiff was defeated. By direction of the court the jury returned a verdict in favor of the plaintiff for the uncontested item of $30, with interest from August 1, 1907. The interest on the $30 from August 1 to August 9 amounted to less than 5 cents, and it was not included in the payment. The plaintiff insisted that because of this difference between the payment and the recovery all the costs should be taxed to the defendant. The court rendered judgment on this item for the plaintiff, including interest from August 1, 1907, according to the verdict, and taxed the costs which accrued prior to August 9, when the $30 was paid into court, to the defendant and the remainder to the plaintiff. *Held,* not error.

2. ——— *Instructions.* Where the evidence upon a material fact is circumstantial and conflicting it is not error for the court to refuse an instruction which selects part of such evidence and gives it undue prominence and importance, to the exclusion of other evidence equally material.

Appeal from Reno district court; PETER J. GALLE, judge. Opinion filed December 11, 1909. Affirmed.

*Frank L. Martin,* for the appellant.
*Simmons & Tyler,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This is an appeal from the district court of Reno county. The principal question involved relates to the taxation of the costs. On August 2, 1907, W. S. Kerr filed a bill of particulars before a justice of the peace, in which he asked judgment against Horace Coberly upon two separate and independent claims, one being for $30, due August 1, 1907, for pasture, and the other $195, due for plowing.

On August 9, 1907, the day set for trial, both parties appeared. At that time the defendant filed an answer, in which he admitted being indebted on the claim for $30 and alleged that a few days before it became due he tendered the amount to the plaintiff, who refused to accept it. As to the $195 claim, the defendant alleged payment. At the same time he paid to the justice of the peace the sum of $30, which was accompanied by a written memorandum which reads: "Defendant now tenders into court with his answer the sum of thirty dollars in cash, heretofore admitted to be due plaintiff from defendant, in settlement of said debt." The plaintiff did not accept the money, and the trial proceeded. The justice found in favor of the plaintiff, and the defendant appealed to the district court, where upon a trial the plaintiff failed to recover upon the claim for $195. The offer of $30 (which had been kept good) not having been accepted, that item was submitted to the jury, under an instruction which reads:

"I instruct you, gentlemen of the jury, that on the first item of $30, for pasture land, it is admitted by the defendant that this amount is due to the plaintiff and that your verdict as to that item should be for the plaintiff for $30."

The jury returned a verdict upon this item for $30, with interest from August 1 at 6 per cent. The court entered judgment on this item for the plaintiff according to the verdict, which exceeds the offer made in a

sum less than 5 cents. The court held that the payment made in court and kept good thereafter was equivalent to an offer to confess judgment under the statute. The costs which accrued up to August 9 were therefore taxed to the defendant, amounting to $21.10. The costs accruing after that date were taxed to the plaintiff, amounting to $242.60. No costs accrued in the case on account of the $30. They were all made in the contest concerning the $195, and, the plaintiff having failed to recover, the costs should properly be taxed to him. The fact that the 30-dollar item was not involved in the litigation, but was recognized in the action as a mere formality, ought in fairness to exempt it from being used for the mere purpose of carrying the costs of the case. The defendant wanted to pay the $30 before it was due, and after it was due, and all during the litigation; and the refusal to accept the repeated offers of the defendant was not due to the fact that the plaintiff was claiming more, but apparently it was to prevent any possible embarrassment in the collection of the larger item on account of such acceptance. It would have been fair and just to tax all the costs to the plaintiff, including the $21.10 taxed to the defendant, because they were all made in the contest wherein the plaintiff lost; it would seem unjust and grossly unfair to compel the defendant to pay $263.70 costs for the mere omission to tender the few cents interest, for which no demand was made and no objection as to amount suggested at the time the money was paid. The substantial rights of the plaintiff have not been materially prejudiced by the judgment of the court, and therefore, even if the acts of the court complained of were erroneous, they are unavailing here under section 581 of the code of 1909.

As to the item of $195, defendant testified that on November 1, 1906, he gave his note for that amount, due August 1, 1907; that subsequently he paid the note and received it from the plaintiff. The plaintiff denied

this statement.   The defendant, to corroborate his statement, produced the note, and was fully interrogated as to how and when he obtained the money, and many inquiries were made concerning the transaction of payment, for the purpose of weakening his testimony.   At the close of the evidence the plaintiff requested an instruction to be given which reads: "The jury are instructed that the note in evidence, not having been marked 'paid,' is not a receipt and is not evidence of payment."   This was refused and the refusal is urged here as error.   The note was not offered as proof of payment, but merely as a circumstance corroborative of the testimony of the defendant, who testified that payment was made.   The instruction refused unduly magnified the importance of the note as evidence of payment.   If given it might have been misleading, and we think it was properly refused.   The instructions given by the court upon the subject of payment were full, very clear, and not likely to be misunderstood.

Upon the whole case we think that justice was done, and the judgment is affirmed.